(No. 82-CV-0770— ▮▮▮▮▮▮▮▮▮

*In re* APPLICATION OF AIDAN MONAHAN.

*Opinion filed January 24, 1983.*

AIDAN MONAHAN, *pro se,* for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This claim arises out of an incident that occurred on September 2, 1981. Aidan Monahan, husband of the deceased victim, Kathleen Monahan, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on March 2, 1982, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased wife, Kathleen Monahan, age 29, was a victim of a violent crime as defined in section 2(c) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 72(c)), to wit: murder. Ill. Rev. Stat. 1979, ch. 38, par. 9—1.

2. That on September 2, 1981, the victim was stabbed to death by an unknown offender for no apparent reason. The incident occurred in a parking lot at 4729 North Central, Chicago, Illinois. The victim was taken to Northwest Hospital where she was pronounced dead on arrival.

The offender was apprehended, prosecuted and convicted on the charges of murder, attempted rape and armed violence.

3. That the Claimant seeks compensation for funeral expenses and for loss of support for Joseph Monahan, age 7, born February 22, 1974, and Patrick Monahan, age 6, born January 20, 1975.

4. That the Claimant incurred funeral and burial expenses in the amount of $5,287.00. Pursuant to section 2(h) of the Act, funeral and burial expenses are compensable to a maximum award of $2,000.00. Ill. Rev. Stat. 1979, ch. 70, par. 72(h).

5. The Claimant and his children Joseph and Patrick were partially dependent upon the victim for support.

6. That prior to her death, the victim was employed by Monahan Landscaping and her average monthly earnings were in excess of $750.00.

7. That section 2(h) of the Act states ". . . loss of support shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less."

8. That the victim was 29 years of age at the time of the crime. According to the U.S. Department of Health, Education and Welfare, *Vital Statistics of the United States*, 1978, Life Tables, Vol. II, her life expectancy would have been 79 years. The projected loss of support for 50 years is in excess of the $15,000.00 which is the maximum amount compensable under section 10.1(f) of the Act. Ill. Rev. Stat. 1979, ch. 70, par. 80.1(f).

9. That this claim complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

10. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source,

except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

11. That the Claimant has received $255.00 from the Social Security Administration as a result of the victim's death that can be counted as an applicable deduction under section 7.1(a)(7) of the Act. Ill. Rev. Stat. 1979, ch. 70, par. 77.1(a)(7).

12. That after making all the applicable deductions under the Act, the pecuniary loss resulting from the victim's death is in excess of the $15,000.00 maximum allowed in section 10.1(f) of the Act.

13. That the Claimant's interest would be best served if the award hereunder would be paid pursuant to the installment provision of section 11.1 of the Act. Ill. Rev. Stat. 1979, ch. 70, par. 81.1.

It is therefore, hereby ordered that the sum of $15,000.00 (fifteen thousand dollars) be and is hereby awarded to Aidan Monahan, husband of Kathleen Monahan, an innocent victim of a violent crime to be paid and disbursed to him as follows:

(a) $2,250.00 (two thousand two hundred fifty dollars) to be paid to Aidan Monahan;

(b) Seventeen (17) equal monthly payments of $750.00 (seven hundred fifty dollars) each to be paid to Aidan Monahan for the use and benefit of Joseph Monahan and Patrick Monahan;

(c) In the event of the death or marriage of the Claimant or the Claimant's children, it is the duty of the personal representative of the Claimant to inform this Court in writing of such death or marriage for the purpose of the possible modification of the award.